Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
HIPOLITO DURAN, *individually and on behalf of*
*others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION** **UNDER 29 U.S.C. § 216(b)** |
| A & E REAL ESTATE HOLDINGS LLC (d/b/a A & E PROPERTIES), A & E REAL ESTATE MANAGEMENT LLC (d/b/a A & E PROPERTIES), A & E PROPERTIES I MGMT LLC (d/b/a A&E PROPERTIES), WASHINGTON HEIGHTS II MGMT LLC (d/b/a A&E PROPERTIES), DOUGLAS EISENBERG, and JOHN ARRILLAGA JR., | **ECF Case** |

*Defendants.*
----------------------------------------------------------------X

Plaintiff Hipolito Duran ("Plaintiff Duran" or "Mr. Duran"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., and as against each of Defendants A & E Real Estate Holdings LLC (d/b/a A & E properties), A & E Real Estate Management LLC (d/b/a A & E properties), A&E PROPERTIES I MGMT LLC (d/b/a A&E Properties), Washington Heights II MGMT LLC (d/b/a A&E Properties) ("Defendant Corporations"), Douglas Eisenberg and  John Arrillaga Jr.(collectively, "Defendants"), alleges, upon information and belief, as follows:

**NATURE OF ACTION**

1

1.     Plaintiff Duran was an employee of Defendants A & E Real Estate Holdings LLC (d/b/a A & E properties), A & E Real Estate Management LLC (d/b/a A & E properties), A&E PROPERTIES I MGMT LLC (d/b/a A&E Properties), Washington Heights II MGMT LLC (d/b/a A&E Properties), Douglas Eisenberg and John Arrillage Jr.

2.     A&E Properties is a Property Holdings owned by Douglas Eisenberg and John Arrillaga Jr. located at 1065 Avenue of the Americas, 31st Floor New York, NY 10018.

3.     Upon information and belief, Defendants Douglas Eisenberg and John Arrillaga Jr. serve or served as owners, managers, principals or agents of Defendant Corporations and through these corporate entities operate or operated the residential building at 4848 Broadway, New York, NY 10034, as a joint or unified enterprise.

4.     Plaintiff Duran was an employee of Defendants.

5.     Plaintiff Duran worked long days as a Superintendent, handyman, electrician, repairman, porter and plumber at the building located at 4848 Broadway New York, NY 10034.

6.     Plaintiff Duran regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for any of the hours that he worked each week.

7.     Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Duran appropriately for any hours worked.

8.     Further, Defendants failed to pay Plaintiff Duran the required "spread of hours" pay for any day in which he worked over 10 hours per day.

9.      Defendants' conduct extended beyond Plaintiff Duran to all other similarly situated employees.

10.      At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Duran and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.      Plaintiff Duran now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

12.      Plaintiff Duran seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Duran's state law claims is conferred by 28 U.S.C. § 1367(a).

14.      Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district,

Defendants operate their business in this district, and Plaintiff Duran was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15.    Plaintiff Hipolito Duran ("Plaintiff Duran" or "Mr. Duran") is an adult individual residing in New York County, New York.

16.     Plaintiff Duran was employed by Defendants from approximately 1991 until on or about December 31, 2016.

17.    At all relevant times to this complaint, Plaintiff Duran was employed by Defendants as a superintendent handyman, electrician, repairman, porter and plumber at a residential building, located at 4848 Broadway New York, NY 10034.

18.    Plaintiff Duran consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

19.    Defendants own, operate and/or control a Property Holdings company located at 1065 Avenue of the Americas, 31st Floor, New York, NY 10018, and a residential building located at 3434 Broadway, New York, NY 10034 under the name of A&E Properties, at all times relevant to this complaint.

20.    Upon information and belief, Defendant A&E Real Estate Holding LLC ("Defendant Corporation") is a corporation organized and existing under the laws of the State of

New York. Upon information and belief, it maintains its principle place of business at 1065 Avenue of the Americas, 31st Floor, New York, NY 10018.

21.    Upon information and belief, Defendant A&E Real Estate Management LLC ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 1065 Avenue of the Americas, 31st Floor, New York, NY 10018.


22.    Upon information and belief, Defendant A&E Properties I MGMT LLC ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 1065 Avenue of the Americas, 31st Floor, New York, NY 10018.

23.    Upon information and belief, Defendant Washington Heights II MGMT LLC. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 1065 Avenue of the Americas, 31st Floor, New York, NY 10018.

24.    Defendant Douglas Eisenberg is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

25.    Defendant Douglas Eisenberg is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

26.    Defendant Douglas Eisenberg possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

27.    Defendant Douglas Eisenberg determined the wages and compensation of employees, including Plaintiff Duran, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

28.    Defendant Carlos Arrillaga Jr. is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

29.    Defendant Carlos Arrillaga Jr. is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

30.    Defendant Carlos Arrillaga Jr. possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

31.    Defendant Carlos Arrillaga Jr. determined the wages and compensation of employees, including Plaintiff Duran, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

32.    Defendants own, operate and/or control a Property Holdings company located at 1065 Avenue of the Americas, 31st Floor, New York, New York 10018 and a residential building located at 3434 Broadway, New York, NY 10034.

33.    Individual Defendants Douglas Eisenberg and Carlos Arrillaga Jr. possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

34.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

35.     Each Defendant possessed substantial control over Plaintiff Duran's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Duran, and all similarly situated individuals, referred to herein.

36.     Defendants jointly employed Plaintiff Duran , and all similarly situated individuals, and are Plaintiff Duran's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

37.     In the alternative, Defendants constitute a single employer of Plaintiff Duran and/or similarly situated individuals.

38.     Upon information and belief, individual Defendants Douglas Eisenberg and Carlos Arrillaga Jr. operate Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporations as  separate and legally distinct entities;

(b)     defectively forming or maintaining Defendant Corporations, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

     (d)     operating Defendant Corporations for their own benefit as the sole or majority shareholders;

     (e)     operating Defendant Corporations for their own benefit and maintaining control over these corporations as  closed corporations or closely controlled entities;

     (f)     intermingling assets and debts of their own with Defendant Corporations;

     (g)     diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

     (h)     other actions evincing a failure to adhere to the corporate form.

39.     At all relevant times, Defendants were Plaintiff Duran's employers within the meaning of the FLSA and NYLL.

40.     Defendants had the power to hire and fire Plaintiff Duran, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Duran's services.

41.     In each year from 2012 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

42.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used in the residential building at 4848 Broadway, New York, NY 10034, on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

43.    Plaintiff Duran is a former employee of Defendants, who was employed as a superintendent, handyman, electrician, repairman, porter and plumber.

44.    Plaintiff Duran seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

### Plaintiff Hipolito Duran

45.    Plaintiff Duran was employed by Defendants from approximately 1991 until on or about December 31, 2016.

46.    At all relevant times, Plaintiff Duran was employed by Defendants to work as a superintendent, handyman, electrician, repairman, porter, and plumber.

47.    Plaintiff Duran regularly handled goods in interstate commerce, such as screwdrivers, cleaning fluids, and plumbing equipment necessary to perform his duties as a handyman, electrician, repairman, porter and plumber.

48.    Plaintiff Duran's work duties required neither discretion nor independent judgment.

49.    Throughout his employment with Defendants, Plaintiff Duran regularly worked in excess of 40 hours per week.

50.    From approximately November 2012 until on or about December 31, 2016, Plaintiff Duran worked from approximately 7:00 a.m. until on or about 6:00 or 7:00 p.m. Mondays to Fridays, and two hours each day on Saturday and Sunday (typically 59 to 64 hours per week).

51.    Throughout his employment with defendants, Plaintiff Duran was paid his wages by check.

52.    From approximately November 2012 until on or about December 2013, defendants paid Plaintiff Duran $7.50 per hour.

53.    From approximately January 2014 until on or about June 2015 defendants paid Plaintiff Duran $8.00 per hour.

54.    From approximately June 2015 until on or about January 2016, defendants paid Plaintiff Duran $8.75 per hour.

55.    From approximately January 2016 until on or about December 2016, defendants paid Plaintiff Duran $9.00 per hour.

56.    Defendants did not pay Plaintiff Duran when they required him to work additional time past his usual schedule.

57.    In fact, defendants required Plaintiff Duran to continue working 30 minutes to one hour past his scheduled time on numerous occasions, and did not compensate him for the additional time they required him to work.

58.    Additionally, defendants required Plaintiff Duran to work on special projects such as painting and plastering ,which required time outside his regular work hours

59.    Plaintiff Duran was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

60.    Defendants did not provide Plaintiff Duran with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

61.    No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Duran regarding wages as required under the FLSA and NYLL.

62.    Defendants did not provide Plaintiff Duran with each payment of wages a statement of wages, as required by NYLL 195(3).

63.    Defendants did not give any notice to Plaintiff Duran, in English and in Spanish (Plaintiff Duran's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

64.    Defendants regularly required Plaintiff Duran to work in excess of forty (40) hours per week without paying him the minimum wage, spread of hours pay and overtime compensation.

65.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Duran (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime, and spread of hours pay as required by federal and state laws.

66.    Plaintiff Duran was a victim of Defendants' common policy and practices violating his rights under the FLSA and New York Labor Law by inter alia, not paying him the wages he was owed for the hours he worked.

67.    Defendants' pay practices resulted in Plaintiff Duran not receiving payment for all his hours worked.

68.     Defendants habitually required their employees, including Plaintiff Duran, to work additional hours beyond their regular shifts, but did not provide them with any additional compensation.

69.     By employing this practice, Defendants avoided paying Plaintiff Duran at the minimum wage and the overtime rate of time and a half for most or all of his hours worked in excess of forty (40) hours per week.

70.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Duran by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

71.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

72.     Defendants also failed to post required wage and hour posters in the residential building, and did not provide Plaintiff Duran with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Duran's relative lack of sophistication in wage and hour laws.

73.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Duran (and similarly situated individuals) worked, and to avoid paying Plaintiff Duran  properly for (1) his full hours worked, (2) for minimum wages, (3) spread of hours pay  and (4) for overtime due.

74.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

75.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Duran and other similarly situated current and former workers.

76.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL. Defendants failed to provide Plaintiff Duran and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone  number  of employer;  rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;  gross wages;  deductions;  allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

77.    Defendants failed to provide Plaintiff Duran and other employees with wage statements at the time of payment of wages, containing: the dates  of work covered by that payment of wages; name of employee; name of employer; address and phone  number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or

rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

78.    Defendants failed to provide Plaintiff Duran and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing:  the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;  the regular pay day designated by the employer;  the name of the  employer;  any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of  business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

79.    Plaintiff Duran brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of A & E properties (the "FLSA Class").

80.    At all relevant times, Plaintiff Duran and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required

minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

81.    The claims of the Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

82.    Plaintiff Duran repeats and realleges all paragraphs above as though fully set forth herein.

83.    At all times relevant to this action, Defendants were Plaintiff Duran's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

84.    Defendants had the power to hire and fire Plaintiff Duran (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

85.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

86.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

87.    Defendants failed to pay Plaintiff Duran (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

88.    Defendants' failure to pay Plaintiff Duran (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

89.    Plaintiff Duran (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

90.     Plaintiff Duran repeats and realleges all paragraphs above as though fully set forth herein.

91.    Defendants, in violation of the FLSA, failed to pay Plaintiff Duran (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

92.    Defendants' failure to pay Plaintiff Duran (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

93.    Plaintiff Duran (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

94.    Plaintiff Duran repeats and realleges all paragraphs above as though fully set forth herein.

95.     At all times relevant to this action, Defendants were Plaintiff Duran's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Duran (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

96.     Defendants, in violation of the NYLL, paid Plaintiff Duran (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

97.     Defendants' failure to pay Plaintiff Duran (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

98.     Plaintiff Duran (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF
### THE NEW YORK STATE LABOR LAWS)

99.     Plaintiff Duran repeats and re-alleges all paragraphs above as though fully set forth herein.

100.     Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Duran (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

101.    Defendants failed to pay Plaintiff Duran in a timely fashion, as required by Article 6 of the New York Labor Law.

102.    Defendants' failure to pay Plaintiff Duran (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

103.    Plaintiff Duran (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR)**

104.    Plaintiff Duran repeats and realleges all paragraphs above as though fully set forth herein.

105.    Defendants failed to pay Plaintiff Duran one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Duran spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6.

106.    Defendants' failure to pay Plaintiff Duran an additional hour's pay for each day Plaintiff Duran spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

107.    Plaintiff Duran (and the FLSA class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

108.    Plaintiff Duran repeats and re-alleges all paragraphs above as though fully set forth herein.

109.    Defendants failed to provide Plaintiff Duran with a written notice, in English and in Spanish (Plaintiff Duran's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

110.    Defendants are liable to Plaintiff Duran in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

111.    Plaintiff Duran repeats and re-alleges all paragraphs above as though set forth fully herein.

112.    Defendants did not provide Plaintiff Duran with wage statements upon each payment of wages, as required by NYLL 195(3).

113.    Defendants are liable to Plaintiff Duran in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Duran respectfully requests that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the

pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Duran (including the prospective collective class members);

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Duran (including the prospective collective class members);

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Duran's (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff Duran (including the prospective collective class members);

(f)    Awarding Plaintiff Duran (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Duran (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Duran;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Duran;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Duran;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Duran's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff Duran;

(m)     Declaring that Defendants violated section 191 of the New York Labor Law;

(n)     Awarding Plaintiff Duran damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(o)     Awarding Plaintiff Duran damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Duran liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)      Awarding Plaintiff Duran and the FLSA class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiff Duran and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(s)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Duran demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
      January 11, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ Michael Faillace_____

By:   Michael A. Faillace [MF-8436]
      60 East 42nd Street, Suite 2540
      New York, New York 10165
      (212) 317-1200
      *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

December 29, 2016

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          **Hipolito A. Duran**

Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:

                              29 de diciembre de 2016

Date / Fecha:

_Certified as a minority-owned business in the State of New York_