# BakerHostetler

Baker&Hostetler LLP

SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL 32801-3432

T 407.649.4000
F 407.841.0168
www.bakerlaw.com

Patrick M. Muldowney
direct dial: 407.649.4002
pmuldowney@bakerlaw.com

June 26, 2017

**VIA ECF**

Honorable Debra C. Freeman
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 17A
New York, NY 10007-1312

  Re: *Duran v. A&E Real Estate Holdings LLC et al.*, Case No. 1:17-cv-00237

Dear Judge Freeman:

  This firm represents Defendants in the above-referenced matter. Pursuant to Your Honor's June 15, 2017 Endorsed Memo (Doc. 28), Defendants write jointly with Plaintiff to submit this ***amended*** letter setting forth our views on why the agreed upon settlement in this matter is fair and reasonable.[1]

  The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. A copy of the Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).[2]

  Plaintiff brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), and violations of the 'spread of hours' and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4(a).

---

[1] Pursuant to instructions we received from Your Honor's chambers this afternoon, we file ***unredacted*** versions of this letter and attached settlement agreement.

[2] The Agreement includes both a confidentiality provision and general release. Plaintiff does not object to the inclusion of either, but understands that there have been cases where such provisions have been questioned. Defendants, however, assert that the general release is supported by consideration separate and apart from what Plaintiff is receiving pursuant to the settlement of his FLSA claim. As for the confidentiality provision, the Agreement specifically excepts from the provision the disclosure of the terms of the Agreement to the Court in connection with seeking the Court's approval of the Agreement in the Civil Action As with settlement of other types of claims, Defendants are merely asking that Plaintiff not publicize the settlement outside of the instant proceedings.

Atlanta Chicago Cincinnati Cleveland Columbus Costa Mesa Denver
Houston Los Angeles New York Orlando Philadelphia Seattle Washington, DC

Honorable Debra C. Freeman
June 26, 2017
Page 2

Specifically, Plaintiff was employed as a handyman by Defendants, who run a residential building. Plaintiff alleges Defendants forced Plaintiff to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations. Plaintiff also alleges Defendants violated the spread of hours, wage statement, and notice and recordkeeping provisions of the NYLL.

**I.       The Proposed Settlement is Fair and Reasonable**

Under the settlement, Defendants will pay $25,000.00 to settle all claims in one installment payment. Of the settlement amount, two thirds, or $16,750.00 will go to the Plaintiff, with $8,250.00 to go to Plaintiff's attorneys. Of the $16,750.00 going to Plaintiff, $7,875.00 is being paid to him in satisfaction for his claim for unpaid wages, and additional $7,875.00 is being paid to him in satisfaction of his claim for liquidated damages, and $1,000.00 is paid for his release of all other claims he has, had or may have had against Defendants.

Plaintiff alleges he is entitled to back wages of approximately $20,148.69.00 from Defendants. Plaintiff estimates that if he had recovered in full for his claims, exclusive of attorneys' fees, he would be entitled to approximately $86,768.00. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B."

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. Significantly, Defendants vigorously contested the alleged hours worked by Plaintiff. Defendants produced paystubs which contradicted Plaintiff's claims on their face by indicating Plaintiff worked far fewer hours than he alleged. While Plaintiff disputed the accuracy of the paystubs, he acknowledged the problem they presented for him if this case went to trial.

Considering the risks in this case outlined above, Plaintiff believed that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

610927571.3

Honorable Debra C. Freeman
June 26, 2017
Page 3

## II.     Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreement with the Plaintiff, Plaintiff's counsel will receive $8,250 from the settlement fund as attorneys' fees and costs. According to Plaintiff's counsel, this represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiff's retainer agreement, which provides that forty percent of Plaintiff's recovery will be retained by the firm.

Plaintiff's counsel asserts that the firm's lodestar in this case is $3,262.00[3]  While Plaintiff's counsel is asking the Court for more than its lodestar, Plaintiff's counsel asserts that the amount is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.,* 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady,* 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiff's counsel's significant experience representing Plaintiffs in the New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work on behalf of Plaintiff in this matter is as follows:

   i.     Michael Fallace'swork is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis. He is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He is also the author of the *ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace*, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

   ii.    Jesse Barton is an associate at Michael Faillace & Associates, P.C., and is billed at the rate of $375 per hour. This is his standard rate for matters on which he is paid at an hourly rate. He graduated from Fordham Law School in 2012. Following law school, he practiced as an associate with the law firm of Virginia & Ambinder, LLP, cultivating a background in labor and employment law, with a focus on ERISA litigation.

---

[3] A copy of Plaintiff's counsel's billing record is attached as "Exhibit C."

Honorable Debra C. Freeman
June 26, 2017
Page 4

      He joined the firm of Michael Faillace & Associates, P.C in January 2015, and was named a Rising Star by the Super Lawyers organization in 2016.

      Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

| /s/Michael Faillace | /s/Patrick M. Muldowney |
|---|---|
| Michael Faillace | Patrick M. Muldowney |
| MICHAEL FAILLACE & ASSOCIATES, P.C. | BAKER & HOSTETLER LLP |
| Attorneys for the Plaintiff | Attorney for Defendant |

Enclosures

610927571.3